### In re SULLIVAN CLARK & ASSOCIATES, Debtor.

**Bankruptcy No. 8300679.**

United States Bankruptcy Court, D. Rhode Island.

April 3, 1986.

Louis B. Abilheira, Warren, R.I., for Charles Mason.

Joseph H. Rodio, Rodio & Ursillo, Ltd., Jason D. Monzack, Halpert & Scoliard, Providence, R.I., for debtor.

Thomas J. Curran, Providence, R.I., for trustee.

Antonio SaoBento, East Providence, R.I., for Edmund Hague.

## AMENDED ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On January 3, 1986, an order was entered denying creditor Charles Mason's motion to vacate a prior order of this Court, dated October 11, 1985, wherein the trustee was permitted to reopen bidding on the debtor insurance agency's book of accounts. On January 17, 1986, Jason Monzack, Esq., entered his appearance on behalf of the debtor, and promptly filed a motion requesting:

That the entry;

Book of Insurance Policies in force located at 9 Plymouth Road, East Providence, RI—value $75,000.00 be amended to read:

---

1. Mason objects to the motion to amend.

2. In view of the lethargic and non-directional pretrial progress of this proceeding, including

---

Contract rights due under agreement dated November 1, 1982 from Hague & Marso Realty, Inc.—value $2,000.

Motion to Amend Schedule B–3(b).[1]

Debtor's counsel contends that on November 1, 1982 Sullivan Clark & Associates entered into an agreement with Hague & Marso Realty, Inc., under which the book of accounts became property of Hague & Marso, but subject to certain terms and conditions in the agreement. The debtor concedes that when the bankruptcy petition was filed, the book of accounts was not an asset of the estate, but argues that the estate did retain an interest in certain contract rights created by the November 1, 1982 agreement.

At a conference held on January 29, 1986, the trustee and debtor's counsel requested that, as a preliminary matter, the Court decide the issue of whether the book of accounts is an asset of the estate, which can be transferred by the estate.

Although we have reservations about allowing the introduction of a new issue at this late stage of the proceeding,[2] we cannot overlook the logic behind the argument of the trustee and debtor's counsel. If it is determined that the book of accounts is not property of the estate, there will be no need for the trustee to reopen bidding, and a continued hearing on the issue of the particular documents to be transferred to consummate a sale of the book of accounts, will be rendered moot.

Therefore, in the interest of a possible saving of time for the Court and the litigants, the October 11 order permitting the trustee to reopen bidding is vacated. A hearing will be held on the debtor's motion to amend, on May 7, 1986, at 9:30 AM. The hearing will be limited to the following issues:

1) Was the so-called book of accounts an asset of the estate at the time the debtor's petition was filed on September 26, 1983.

---

much posturing, we are inclined to accept nearly any suggestion that would expedite the matter to a conclusion.

2) The nature of the estate's interest in and the transferability of the contract rights created by the November 1, 1982 agreement.

The parties are ordered to submit a joint pretrial order at least 5 days prior to the scheduled hearing.